**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4116**

─────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

SHEKETA HOKE,

               Defendant – Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00224-RJC-1)

─────────

Submitted: July 28, 2011         Decided: August 15, 2011

─────────

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheketa Hoke pled guilty without a written plea agreement to: conspiracy to defraud the United States, 18 U.S.C. § 371 (2006); armed bank robbery and aiding and abetting the same, 18 U.S.C. §§ 2113(d), 2 (2006); conspiracy to use and possess a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(o); and possession of a firearm during and in relation to a crime of violence and aiding and abetting the same, 18 U.S.C. §§ 924(c), 2 (2006). Hoke was sentenced to 144 months in prison. She now appeals. Her attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no non-frivolous issues for appeal. Hoke was advised of her right to file a pro se supplemental brief but has not filed such a brief. We affirm.

I

Hoke first contends that her guilty plea to the firearm offenses was invalid because she neither used nor possessed a firearm. This claim is at odds with her statements at the Fed. R. Crim. P. 11 hearing that she understood the offenses with which she was charged and that she was guilty of those offenses. Additionally, at the hearing, Hoke represented to the court that her plea was not the result of threats or

2

intimidation, and that no one had forced her to plead guilty or promised her a lenient sentence in exchange for her plea. At Hoke's sentencing, the parties stipulated that there was a factual basis for the guilty plea.

Absent compelling evidence to the contrary, the "truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that a defendant's declaration at the Rule 11 hearing "carr[ies] a strong presumption of verity"); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (concluding that a defendant's statements at a Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea").

In light of these authorities, Hoke's admission of guilt at the Rule 11 hearing, the stipulation of a factual basis, and the absence of compelling contrary evidence, we conclude that Hoke's claim lacks merit.[*]

---

[*] We note additionally that, under the Pinkerton doctrine, see Pinkerton v. United States, 328 U.S. 640, 646-47 (1946), "[a] defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998); see also United States v. Cummings, 937 F.2d 941, 944 (4th Cir. 1991). Here, Hoke entered the bank with three co-conspirators, one of whom brandished a firearm. She accordingly
(Continued)

3

Hoke also contends that her base offense level was improperly increased by two levels based on her use of a minor in the offense.  See U.S. Sentencing Guidelines Manual § 3B1.4 (2009).  The Guidelines provides for an enhancement "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense."  "Use or attempted use includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." USSG § 3B1.4, cmt. n.1.

The district court credited the testimony at sentencing of FBI special Agent Chad Pupillo.  According to Pupillo, Malik Shropshire and Frances Howze both informed authorities that it was Hoke's idea to rob the bank and that Hoke asked Shropshire, who was seventeen, to scout the bank in advance of the robbery.  Shropshire did as Hoke requested, posing as a college student who wanted to open an account when he cased the bank.  Hoke also assigned Shropshire his role during the robbery.  This testimony clearly establishes that the enhancement was appropriate.

---

was liable for the firearms offenses under the Pinkerton doctrine.

4

III

After reviewing the entire record in accordance with Anders, we conclude that there are no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED